IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BILLY GLEN KNOWLES,**

      **Plaintiffs,**

vs.                                                                  No. CIV-08-904 JCH/WDS

**CALVIN PAREO and DARCIE PAREO,**
**d/b/a MILK FLOW DAIRY,**

      **Defendants.**

**ORDER**

**THIS MATTER** comes before the Court on Defendants' Motion *In Limine* to Exclude Expert Way Johnston, Ph.D (Doc. No. 39). The basis for the motion is the failure of the Plaintiff to produce the report required of his expert. The case involves a work place accident resulting in injury.

Plaintiff concedes that his work safety expert, though identified within the time required under the case management deadlines, has been unable to produce a report. The expert, Way Johnston, has indicated that he needs to review the testimony of certain key witnesses, to include the Plaintiff and the Defendants, before he can produce a report. The depositions of those witnesses had not been taken as of the date of the filing of the response to this motion, though that of the Plaintiff was taken on June 30, 2009. Previously this Court extended the time for expert disclosures from May 12 to June 12, 2009 (Doc. No. 37). At that time the Court extended the deadline for the medical expert's report until August 30, but did not extend the date for the reports of other experts. The depositions of Defendants and another key witness are scheduled for late in July. Plaintiff has indicated that his expert report will be available by August 30.

It appears to the Court that delays in the scheduling of witness depositions are responsible for the delay at issue.  Both parties were well aware of the potential impact the delay could have on the production of expert reports.  There is no indication in the papers of the parties that either side was attempting to gain unfair advantage in this regard.  There is also no indication that Defendants are in any way prejudiced by the delay in the production of the expert report.  Ample time remains to depose the experts without affecting the existing trial date or the dispositive motion deadline.  At this juncture it appears that Plaintiff's need for an expert in this area in order to effectively present his case is reasonable.  Accordingly, the Court finds that the interests of justice require that Plaintiff be given the additional time outlined above for the production of the expert report of Way Johnston.

IT IS THEREFORE ORDERED that Defendants' Motion *In Limine* to Exclude Expert Way Johnston, Ph.D (Doc. No. 39) is denied for the reasons set out above.  Plaintiff will have until August 30, 2009, to produce Johnston's report.  Defendants will then have 30 days from the date of production to identify and produce an expert report in response.  The parties should cooperate in the expeditious scheduling of the expert depositions.

                                              **W. DANIEL SCHNEIDER**
                                              **United States Magistrate Judge**